[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OPEN JUDGMENT
Before the court is the defendant's motion to open a judgment, which was filed more than four months after the judgment was rendered against her. The court finds the issues in favor of the defendant.
Certain facts are not in dispute. On November 1, 1992, this court rendered a judgment by default against the defendant for failure to appear and awarded damages pursuant to the plaintiff's affidavit of debt in the amount of $26,913.68, including costs. The basis of this civil action was the plaintiff's alleged sale of food products to the defendant and the defendant's failure to pay for them. On December 8, 1993, this court issued an order for examination of judgment debtor, the defendant, and a deputy sheriff served that order on her on January 22, 1994. On February 18, 1994, the defendant filed the present motion to open the judgment.
The bases of the defendant's motion to open the CT Page 11940 default judgment are (1) that there was no service of the original writ, summons and complaint on her; (2) that there was no actual or constructive notice of the judgment to her; and (3) that she had and has a good defense to the action, which is that the sale of the goods in question was to a corporation and not to the defendant personally.
General Statutes §§ 52-212 and 212a and Practice Book § 326 provide that a default judgment may be opened on a showing that the defendant had a defense to the action and was prevented by mistake, accident or other reasonable cause from asserting the defense. The statutes and practice book require that a motion to open a judgment be filed within four months after the rendering of the judgment "unless otherwise provided by law." Id. If a defendant can prove that there was no actual or constructive notice of the judgment or that there was no initial service of process, the four month limitation does not apply. Noethe v. Noethe, 18 Conn. App. 589, 595-596
(1989), holding that notice required; General MotorsAcceptance Corp. v. Pumphrey, 13 Conn. 223, 227-229
(1988), holding that service of process required. See also Habura v. Kachanowicz, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV92 04 06 78 (8 CSCR 1221, October 27, 1993, Flynn, J.).
The court held an evidentiary hearing on the defendant's motion. At the hearing, the witnesses included the deputy sheriff who attempted service of the writ, summons and complaint in 1992; the defendant; and Charles Leroux, the former sales manager of the plaintiff.
The testimony of the witnesses conflicted on nearly every point, including even the description of the building where the defendant was working on April 22, 1992, the date the sheriff testified that he made in hand service of process.
The sheriff testified that he made service on the defendant in hand at 40 Wakeman Street in Bridgeport on April 22, 1992. The sheriff testified that he delivered the writ, summons and complaint to a person whom someone else on the premises identified as the defendant. The CT Page 11941 recipient did not identify herself as the defendant, however, nor did the sheriff verify in any other way that the person to whom he gave the papers was in fact the defendant. The sheriff did identify the defendant in court as the person to whom he delivered the papers. He stated, however, that he had since served process in thousands of other cases. This case stands out in his memory, he said, because all the people at the scene were "Oriental." More significantly in the court's view, however, although he remembered that other people at the scene were wearing long white gowns and caps, he could not recall what the person he served was wearing.
The court's file indicates that the plaintiff sent subsequent notices, motions, etc. to the defendant at 40 Wakeman Street and 95 Burr Court in Bridgeport.
The defendant is a native of Thailand and testified that she spoke very little English in 1992. At the hearing before this court in August 1995, she utilized an interpreter. The defendant testified that she was not served any papers in 1992 and that the first time she learned of the law suit was in 1994, when she was served with the order for examination of judgment debtor. She conceded that the business address of the place she was working in April 1992 was 40 Wakeman Street. She further testified that she never lived at 40 Wakeman Street or 95 Burr Court and that she did not receive mail at 40 Wakeman Street after March or April 1922, when the corporation's business was taken over by another company. She stated she never received mail at 95 Burr Court.
Leroux's testimony generally supported the defendant. He stated that he was very familiar with the premises in question. He indicated that the sheriff's description of the building where the sheriff said he saw the defendant casts doubt that it was in fact 40 Wakeman Street. He stated that the sheriff's description, especially of the stairs and loading dock, sounded more like 95 Burr Court than 40 Wakeman Street. Leroux also testified that at all times the plaintiff and its other employees knew that the entity with which the plaintiff was doing business was a corporation, Chieng Mai Nam Company, not the individual defendant. CT Page 11942
Based on the evidence summarized above and its assessment of the witnesses and their testimony, the court finds that the sheriff did not serve the writ, summons and complaint on the defendant in April 1992 at 40 Wakeman Street; that it is more likely that he delivered the papers to someone else in the mistaken belief that such person was the defendant. The court also finds that the defendant was an employee of the business known as the Chieng Mai Nam Company at 40 Wakeman Street in Bridgeport until April 1992, when that company ceased doing business there. The court finds that the defendant did not receive notice of the judgment against her until January 22, 1994, when she was served with the order for examination of judgment debtor. The court finds that the defendant had and has a defense to the plaintiff's action against her which, if proved, would be a good defense; that is, that the entity liable to the plaintiff for any unpaid debts is the defendant's corporate employer.
The court concludes that the circumstances of this case and the law as summarized above permit the judgment to be opened notwithstanding the defendant's motion in respect thereof was filed more that four months after the judgment was rendered. Specifically, the fact that the plaintiff never obtained valid service of process on the defendant and that the defendant was never given actual or constructive notice of the judgment exempt the defendant from the four month limitation.
The defendant's motion to open the judgment is granted.
MALONEY, J.